FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ DEC 15 2009 ★

BROOKLYN OFFICE

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF NEW YORK

BALENCIAGA CORPORATION,

Plaintiff,

v.

STEVE MADDEN, LTD.,

Defendant.

CV 09 - 5458

CIVIL ACTION NO.
JUDGE(S):

GLEESON, J.

GO, M.J.

## COMPLAINT

The Plaintiff, Balenciaga Corporation ("Plaintiff" or "Balenciaga") alleges for its Complaint against Defendant Steve Madden, Ltd. ("Defendant" or "Steve Madden") the following:

### I.      PARTIES

1.      Plaintiff Balenciaga Corporation is a corporation duly organized and existing by virtue of the laws of France with its principal place of business at the 15 Rue Cassette, Paris, France 75006.

2.      Defendant Steve Madden, Inc. is corporation duly organized and existing by virtue of the laws of Delaware, with a principal place of business at 52-16 Barnett Avenue, Long Island City, New York, 11104.

3.      Upon information and belief, Defendant is transacting business in the United States and in this Judicial District as Steve Madden shoes stores, and at the Internet website at www.stevemadden.com.

1

4.      Defendant Steve Madden transacts substantial and not isolated business activities within and throughout the State of New York.

5.      Defendant Steve Madden has engaged in copyright infringement, trademark infringement, counterfeiting and other wrongful and tortious conduct within the Southern District of New York including, but not limited to the unauthorized manufacture, purchase, importation, sale, distribution, and promotion of products embodying Plaintiff's trade dress and copyright around the State of New York and without the Plaintiff's authorization or consent.

## II.      JURISDICTION AND VENUE

6.      On information and belief, Defendant has committed and is committing acts of Copyright Infringement, Trademark Infringement, False Designation of Origin, and Unfair Competition, as hereinafter alleged, in this District, through displaying, importing, distributing, advertising and using Plaintiffs' copyrighted materials and trade dress.

7.      This action is for Copyright Infringement, Trademark Infringement, False Designation of Origin and Unfair Competition, arising under the Copyright Act of 1976, as amended (17 U.S.C. §§ 501 *et seq.*), the Trademark Act of 1946, as amended (the Lanham Act 15 USC § 1051 *et seq.*), and under the Common Law, and Deceptive Trade Practices, arising under N.Y. General Business Law § 349.

8.      This Court has original jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1338 (a) (acts of Congress relating to copyrights and acts of Congress relating to trademarks), 1338(b) (pendent jurisdiction over Unfair Competition and Deceptive Trade Practices claims), 17 U.S.C. §§101 *et seq.* (actions arising under the Copyright Act) 15 U.S.C. § 1125 (actions arising under the Trademark Act).

9.     Venue is proper in this District pursuant to 28 U.S.C. §1391 (b) and (c) because the Defendant reside in this Judicial District and/or a substantial part of the events or acts giving rise to the claim occurred in this judicial district.

10.    Plaintiff Balenciaga is one of France's most prestigious haute couture fashion houses French fashion house and is world-renown for innovative, trend-setting couture clothing and fashion accessories. Balenciaga designs are among the most exclusive and sought-after fashions in the industry. For nearly a century, the Balenciaga Couture House has pioneered fashion with innovative designs which are routinely showcased by top celebrities and style icons. This tradition continues strongly into the present day with Balenciaga's association with celebrities such as Jennifer Connelly, Nicole Kidman, Kylie Minogue, Cameron Diaz, Sarah Jessica Parker and Vogue editor-in-chief Anna Wintour.

11.    In February 2007 Plaintiff Balenciaga showcased its distinctive Closed Front Cage Sandals with Ankle Pads during its Fall 2007/Winter 2008 runway collection.   These shoes are also known by their more fanciful names the "Sportiletto" and/or the "LEGO Shoes". (Balenciaga's LEGO shoes are depicted in Exhibit A).

12.    Balenciaga's LEGO Shoes exhibit unique aesthetic features.  Balenciaga's LEGO Shoes embody an original arrangement of elements.

13.    The Balenciaga LEGO shoes were designed for Plaintiff Balenciaga by Nicolas Ghesquière, a French citizen.

14.    Balenciaga began selling its distinctive LEGO Shoes in the United States in the fall of 2007.

15.    Balenciaga's LEGO shoes garnered much press coverage in the United States, and were featured in various U.S. fashion magazines, including Vogue and ELLE.

16.     Balenciaga's LEGO Shoes received additional notoriety when singer and actress Beyoncé Knowles wore the LEGO Shoes during her performance at the American Music Awards on November 18, 2007.

17.     Balenciaga's LEGO Shoes is distinctively designed and easily recognized by consumers.  The LEGO Shoes include, without limitation, the following distinctive features: fabrication of hard plastic, a black heel, a green fin which hangs along the heel, a blue portion that runs along the arch, a metal/silver piece which overlaps the blue portion, a white piece along the toe strap, and a yellow and red plastic piece near the heel, black mesh over red fabric at the ankle, a green and black ankle strap, and a pink piece at the front. (Hereinafter the collectively referred to as "Balenciaga's Trade Dress").

18.     Balenciaga has displayed its LEGO Shoes and the LEGO Shoes have garnered extensive press coverage since at least as early as February 2007, including over the internet and through various press media.

19.     Balenciaga's Trade Dress is inherently distinctive and well-known.

20.     Pursuant to the Berne Convention Art. 5.2 and 15 U.S.C. § 411(a), Balenciaga's LEGO shoes are protected by the U.S. Copyright Act.

21.     Pursuant to 17 USC § 1125, Balenciaga's LEGO shoes are a protected trade dress pursuant to the Lanham Act.

22.     Upon information and belief, without permission or authorization of Plaintiff Balenciaga, Defendant reproduced and created derivative works based upon original elements of the copyrighted Balenciaga LEGO Shoes (hereinafter the "Infringing Footwear").

23.     Defendant's Infringing Footwear is comprised of the following features: a black heel, a green fin which hangs along the heel, a blue portion that runs along the arch, a white

piece along the toe strap, and a yellow and red plastic piece near the heel, black mesh over red fabric at the ankle, a green and black ankle strap, and a pink piece at the front.

24.    Upon information and belief, Defendant had access to Balenciaga's LEGO Shoes and intentionally copied or caused to be copied the shapes and color schemes of Balenciaga's LEGO Shoes for the specific purpose of infringing on Plaintiff Balenciaga's copyright and trade dress in the LEGO Shoes.

25.    Upon information and belief, Defendant marketed, promoted, advertised and sold these unlawful and unauthorized reproductions and/or derivative works in its Steve Madden stores and on its website located at www.stevemadden.com. (Pictures of the infringing footwear and printouts from www.stevemadden.com are attached as Exhibit B).

26.    Defendant's Infringing Footwear features shapes and color schemes that are identical or virtually identical to the shapes and color schemes featured in Balenciaga's LEGO Shoes.

27.    Defendant's Infringing Footwear constitutes an identical or virtually identical arrangement to that of the original arrangement of features and elements which constitute Balenciaga's LEGO Shoes.

28.    Defendant's footwear infringes upon Balenciaga's copyrights in the Balenciaga LEGO Shoes and Defendant used these illegal and unauthorized copies/derivative works to market, advertise and promote its business and services.

29.    Upon information and belief, Defendant sold the infringing footwear at a price significantly lower than those of Balenciaga.

30.    Upon information and belief, Defendant offered the Infringing Footwear for sale through the same channels of trade as Plaintiff Balenciaga.

31.    Upon information and belief, Defendant is attempting to pass its infringing footwear off as Plaintiff's product in a manner calculated to deceive Plaintiff's customers and members of the general public in that Defendant has copied or caused to be copied Balenciaga's LEGO Shoes in an effort to make Defendant's infringing footwear confusingly similar to Plaintiff's LEGO Shoes and/or pass off Defendant's infringing footwear as Plaintiff's own LEGO Shoes.

32.    Upon information and belief, Defendant Steve Madden has engaged in a pattern of deliberate and willful infringement designed to confuse and deceive consumers as to the source and origin of its company's products and trade upon Balenciaga's valuable intellectual property, good will and reputation.

33.    Defendant Steve Madden's reputation for producing knock-offs of full price luxury designs further corroborates Defendant's deliberate pattern of willful infringement and unfair competition.  See attached Exhibit C of various articles noting Steve Madden's penchant for copying and selling knock-offs of designer shoes.  These articles evidence the public perception of Defendant's products, and, in particular, those at issue in this case, as being nothing more than "a copy of the Balenciaga Sportilleto."

34.    Defendant has engaged in a pattern of deliberate and willful infringement designed to misappropriate Plaintiff's copyright and trade dress, confuse consumers as to the source of its company's products and trade upon the valuable good will and reputation of Balenciaga's intellectual property.

35.    Plaintiff Balenciaga has lost substantial revenue and incurred damage as a result of Defendant's wrongful and infringing conduct.

6

36. Defendant's wrongful conduct has deprived Balenciaga of opportunities for expanding good will.

37. As a direct and proximate result of the acts of the Defendant alleged above, Plaintiff has already suffered irreparable damages and lost revenues.

## COUNT I
## COPYRIGHT INFRINGEMENT (17 U.S.C. § 101 et seq.)

38. Plaintiff restates and reavers each and every allegation contained in paragraphs 1 through 37, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

39. Balenciaga's LEGO Shoes embody original works of authorship, embodying copyrightable subject matter, subject to the full protection of Unites States copyright laws.

40. Balenciaga is the sole and exclusive owner of all rights, title and interest in and to the copyright in the LEGO Shoes.

41. Upon information and belief, as a result of the open use, display, sales and notoriety in fashion publications of Balenciaga's LEGO Shoes, Defendant has access to Balenciaga's LEGO Shoes prior to the sale or distribution of Defendant's infringing footwear.

42. Upon information and belief, Defendant without the permission or authorization of Plaintiff, has reproduced original elements of the copyrighted LEGO Shoes and promoted and offered for sale the Infringing Footwear, which incorporates original elements of the LEGO Shoes.

43. Upon information and belief, Defendant has profited from the sales of the Infringing Footwear, which is identical or virtually identical to Balenciaga's LEGO Shoes.

44. As a consequence of Defendant's wrongful conduct, Balenciaga has been deprived of the rights and benefits granted to it under the Unites States Copyright Act, including

7

the exclusive right to use, reproduce and exploit Balenciaga's copyright and to create derivative works based on the designs.

45. As a consequence of Defendant's wrongful conduct, Balenciaga has been deprived of the good will in Balenciaga's copyright.

46. Defendant's wrongful conduct has injured Balenciaga's relations with present and prospective customers.

47. By its actions, as alleged herein, Defendant Steve Madden has infringed and violated Balenciaga's exclusive rights pursuant to the United States Copyright Act, 17 U.S.C. § 501, by producing, distributing and selling garments that bear shape and color schemes which are strikingly, or substantially similar to Balenciaga's LEGO Shoes, all without Balenciaga's authorization or consent.

48. Defendant's infringement is willful and deliberate and Defendant has profited at the expense of Balenciaga, and have damaged Balenciaga in an amount not yet subject to determination.

## COUNT II
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN OR SPONSORSHIP (15 U.S.C. § 1125(a)

49. Plaintiff restates and reavers each and every allegation contained in paragraphs 1 through 48, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

50. The Infringing Footwear sold by Defendant copies Plaintiff Balenciaga's LEGO Shoes and constitutes a False Designation of Origin of goods sold by Defendant and false representations that Defendant's goods are sponsored, endorsed, licensed or authorized by, or affiliated or connected with Plaintiff Balenciaga.

8

51.    Balenciaga's Trade Dress was originated by Plaintiff and its characteristics are unique, inherently distinctive and non-functional.

52.    By virtue of Balenciaga's first use, promotion of and notoriety garnered by Balenciaga's Trade Dress, Balenciaga has established secondary meaning in its Trade Dress identifiable with Balenciaga.

53.    Defendant, without the consent or authorization of Balenciaga, has adopted and utilized Balenciaga's Trade Dress in Defendant's Infringing Footwear.

54.    Defendant's misappropriation of Balenciaga's Trade Dress is likely to cause purchasers in interstate commerce to be confused, misled or deceived between Balenciaga's LEGO Shoes and Defendant's Infringing Footwear.

55.    Upon information and belief, Defendant knowingly adopted and used copies, variations, simulations or colorable imitations of Balenciaga's Trade Dress with full knowledge of Plaintiff's intellectual property rights in the LEGO Shoes.

56.    Defendant's activities, as alleged herein, constitute a False Designations of Origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and have damaged Balenciaga.

## COUNT III
## COMMON LAW UNFAIR COMPETITION

57.    Plaintiff restates and reavers each and every allegation contained in paragraphs 1 through 56, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

58.    Upon information and belief, Defendant adopted and used Balenciaga's Trade Dress with full knowledge of Plaintiff's rights in the LEGO Shoes.

59.     The sale by Defendant of the Infringing Footwear has resulted in the misappropriation of and trading upon Plaintiff's good will and business reputation at Balenciaga's expense and at no expense to the Defendant.

60.     Defendant's misappropriation of Balenciaga's good will, as symbolized by Balenciaga's LEGO Shoes, has unjustly enriched Defendant,

61.     Defendant's misappropriation of Balenciaga's good will, as symbolized by Balenciaga's LEGO Shoes, has damaged Balenciaga.

62.     Defendant's misappropriation of Balenciaga's good will, as symbolized by Balenciaga's LEGO Shoes, has confused and/or deceived the public and consumers.

63.     Defendant's activities, as alleged herein, constitute unfair competition with Balenciaga and have damaged Balenciaga in an amount not yet subject to determination.

## COUNT IV
## DECEPTIVE TRADE PRACTICES (N.Y. General Business Law § 349)

64.     Plaintiff restates and reavers each and every allegation contained in paragraphs 1 through 63, inclusive, and the acts of Defendants asserted therein, as if fully recited in this paragraph.

65.     Defendant's misappropriation of Balenciaga's copyright and Trade Dress in the LEGO Shoes is in direct competition with Balenciaga's LEGO Shoes and other Balenciaga products.

66.     Defendant's wholesale copying of Balenciaga's designs is likely to deceive consumers into believing that the Infringing Footwear is associated with or authorized by Balenciaga, when they are, in fact, not.

67.     By reason of the acts and practices as herein alleged, Defendant has engaged in deceptive trade practices or misleading activities in the conduct of business, trade or commerce,

or furnishing of goods and/or services, in violation of § 349 of the New York General Business Law.

68.     The public is likely to be damaged as a result of those deceptive trade practices or activities.

69.     Defendant's activities, as alleged herein, constitute deceptive trade practice pursuant to New York General Business Law § 349 and have damaged Balenciaga in an amount not yet subject to determination.

**WHEREFORE**, Plaintiff Balenciaga prays:

(1)     That pursuant to 17 U.S.C. § 504, that Defendant pay to Plaintiff for infringement of its copyright in the LEGO Shoes an amount equal to the actual damages suffered by Plaintiff as a result of Defendant's infringement of Plaintiff's copyright, plus any profits of Defendant attributable to such infringement and Plaintiffs' fees and costs.

(2)     That Defendant be required to account for and pay over all gains, profits, and advantages derived by Defendant and any damages sustained by Plaintiff as a result of its infringement of Plaintiff's copyright, as enumerated herein.

(3)     That Defendant be required to account for and pay over all gains, profits, and advantages derived by Defendant and any damages sustained by Plaintiff as a result of its infringement of Plaintiff's Trade Dress, as enumerated herein.

(4)     That Defendant be required to account for and pay over all gains, profits, and advantages derived by Defendant and any damages sustained by Plaintiff as a

result of Defendant's activities constituting Unfair Competition, as enumerated herein.

(5)     That Defendant be required to account for and pay over all gains, profits, and advantages derived by Defendant and any damages sustained by Plaintiff as a result of Defendant's activities constituting Common Law Unfair Competition, as enumerated herein.

(6)     That Defendant be required to account for and pay over all gains, profits, and advantages derived by Defendant and any damages sustained by Plaintiff as a result of Defendant's activities constituting Deceptive Trade Practices, as enumerated herein.

(7)     That pursuant to 15 U.S.C. §1116, 17 U.S.C. §502 and the equity jurisdiction of this court, the Defendant, its agents, employees, or representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the sale, offering for sale, distribution, exhibition, display or advertising of its goods through the Internet or otherwise, Plaintiff's LEGO Shoes design, Plaintiff's Trade Dress, or any article confusingly or deceptively similar to or colorable imitative of Plaintiff's LEGO Shoes, from infringing Plaintiff's copyright in the LEGO Shoes in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of Defendant's material which have been derived in any manner by infringement of Plaintiff's copyright.

(8)     That pursuant to 17 U.S.C. §502 and the equity jurisdiction of this court, the Defendant, its agents, employees, or representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection

with the sale, offering for sale, distribution, exhibition, display or advertising of its goods through the Internet or otherwise, Plaintiff's LEGO Shoes design, or any article confusingly or deceptively similar to or colorable imitative of Plaintiff's LEGO Shoes, from infringing Plaintiff's copyright in the LEGO Shoes in any manner, and from publishing, selling, marketing, or otherwise disposing of any copies of Defendant's material which have been derived in any manner by infringement of Plaintiff's copyright.

(9)     That pursuant to 15 U.S.C. §1116 and the equity jurisdiction of this court, the Defendant, its agents, employees, or representatives, and all persons in privity therewith be permanently enjoined and restrained from using on or in connection with the sale, offering for sale, distribution, exhibition, display or advertising of its goods through the Internet or otherwise, Plaintiff's Trade Dress, or any article confusingly or deceptively similar to or colorable imitative of Plaintiff's LEGO Shoes.

(10)    That Defendant and its officers, agents, employees, or representatives, and all persons in privity with Defendant deliver up to this Court, pursuant to 15 USC § 1118, and the copyright laws of the United States, 17 USC § 101 et seq., any products in their possession bearing the copyrighted materials of the Plaintiff or any colorable imitation, for the purpose of destruction thereof.

(11)    That, because of the willful nature of the infringements, the amounts of actual damages be trebled as provided for in 15 U.S.C. § 1117.

13

# EXHIBIT
# A



# EXHIBIT B

# SHIPPING

**Join** our email list
and receive **15% off** your next order
Promotions • Sales • News • The Newest Products

## BUKLED

**Women's Shoes**
*New Styles*
Pre-order
Madden Girl
Flats
Peep toe
Platforms
Wedges
Sandals
Open Toe Heels
Pumps
Boots
Booties
Steve Madden's
Fix*
Casual
Sneakers
Slippers
Steven by Steve
Madden
Classic Steve
Madden Styles
Sale
Clearance
**Apparel**
Dresses
**Accessories**
Handbags
Jewelry
Sunglasses
Belts
Leggings/Footies
Clearance
**Men's Shoes**
*New Styles*
Pre-order
Sandals
Sneakers
Steve Madden's
Fix*
Casual
Dress
Boots
Sale
Clearance
**Kid's Shoes**
*New Styles*

ENLARGE IMAGE    EMAIL A FRIEND    PRINT PAGE

**More colors available (click to change)**

$99.95    $99.95    $99.95

**Product Details:**

Show of your flair for fashion with these hip caged front multi fabric peep toe pumps. The textured leather and bold hardware make this pair a real show stopper.

4 inch heel
Leather upper
Adjustable ankle strap
Synthetic sole

The BUKLED BRIGHT MULTI is currently available to pre-order. Place your order now and it will be shipped no later than 7/10/2008.
*Please note that your card will not be charged for this transaction until the item is shipped.

BRIGHT MULTI

Size: Select
Quantity: Select
**Price: $99.95**

SELECT A COLOR SIZE AND QTY


< view colors >
Size: Select
Price: $68
ADD TO CART


< view colors >
Size: Select
Price: $49.95
ADD TO CART


< view colors >
Size: Select
Price: $149.95
ADD TO CART

©2005-2008 Steve Madden. All rights reserved.

Call 1-888-SMADDEN | info@stevemaddendirect.com

Women's Pumps   Women's Sandals   Women's Boots   Women's Wedges   Women's Peep Toe   Women's Platforms   Women's Flats   Women's Warm
Cozy Boots   Women's Flip Flops   Women's Open Toe Heels   Women's Slippers

# EXHIBIT C

Counterfeit Chic: Mad(den) about Louboutin

Introduction ~ FAQs ~ Contact ~ Archives ~ About Me

« Tommy Hilfiger's New Line? | Main | Teach Your Children Well »

## Mad(den) about Louboutin

Steve Madden's lawyers may have convinced him to stay away from Christian Louboutin's signature red soles, however reluctantly, but that apparently hasn't kept Steve from raiding Christian's closet in search of new designs. Check out the Louboutin "Criss Cross Vamp Pump" (left) and the Steve Madden "Becki":



Perhaps the most amusing thing about the Steve Madden website is that the company actually boasts about its founder's alleged design prowess. Consider the following statement:

**Steve Madden**, the footwear fashion mogul of the 21st century, has

http://www.counterfeitchic.com/2007/09/madden_about_louboutin.php

## Categories

Busted!
Couture in Court
Culture of the Copy
Designs & Designers
Executive Branches
Fashion Police
Fashion/Art
Faux/Real
Girls & Boys
Going Global
Historical Moments
Ivory Tower
Knockoff Newsbriefs
Legal Trends
Legislation & Lobbying
Limits of Law
Mass & Class
Notable Quotes
Patron Saint/Avenging Angel
Photo Ops
Pop Culture
Science & Technology
Stylishly Written

## Read my book

## Search

[Search]

## Legal Links

Catch Us If You Can
Conglomerate
Counterfeit Blog
fashionlaw.net

Counterfeit Chic: Mad(den) about Louboutin

immersed his company into virtually every aspect of the fashion industry. With his primary success and initial endeavor as a shoe designer, **Mr. Madden** has maintained the direct day-to-day responsibility for the design and marketing of the company's trend setting shoes for the past two decades.

Perhaps Mr. Madden doesn't think that continuing to design shoes is an "aspect of the fashion industry"? Or maybe that "initial endeavor as a shoe designer" has been replaced by an easier exercise? At least Madden doesn't blame an uninspired design assistant for the shoes' suspicious similiarity, but takes "direct day-to-day responsibility" for his products.

One does wonder, though:  Who is this "Becki"?  And is she flattered?

Once again, many thanks to keen-eyed reader Lara, who deserves to be named a Counterfeit Chic deputy -- though I'm sure she would *never* add spurs to her fabulous footwear.  Gold star!

P.S.  More on the Louboutin red sole watch here.

Posted by Susan Scafidi on September 24, 2007 01:52 PM | Permalink

Feminist Law Professors
43(B)log
Hokusai
IACC
Info/Law
Instapundit
IP Dragon
IP Due Diligence
IP Funny
IPKat
I/P Updates
LawCulture
Likelihood of Confusion
MarkenBlog
Patently-O
The Patry Copyright Blog
Le petit Musée des Marques
Shape Blog
The Trademark Blog
TTABlog
TheTrueCosts.org
YottaBlog

*Subscribe*



Counterfeit Chic

*Read my book*

Introduction ~ FAQs ~ Contact ~ Archives ~ About Me

« March 2008 | Main | May 2008 »

*Categories*

Busted!
Couture in Court
Culture of the Copy
Designs & Designers
Executive Branches
Fashion Police
Fashion/Art
Faux/Real
Girls & Boys
Going Global
Historical Moments
Ivory Tower
Knockoff Newsbriefs
Legal Trends
Legislation & Lobbying
Limits of Law
Mass & Class
Notable Quotes
Patron Saint/Avenging Angel
Photo Ops
Pop Culture
Science & Technology
Stylishly Written

April 30, 2008

*April is the Cruellest Month*

With spring weather, the season's new fashions are finally coming out of the closet -- and the knockoffs are close behind. Judging from the Counterfeit Chic mailbox, perennial copyist Steve Madden appears to be having a particularly prolific period.

Avid reader Elizabeth Marsh noticed Giuseppe Zanotti's satin roses (left) blooming on Steve Madden's "Blosommm" sandals:



The superfabulous Manolo (via StyleBakery Teen) recorded another entry in Madden's "ledger of shame," a copy of the Balenciaga Sportiletto (left):

*Search*

[Search]

*Legal Links*

Catch Us If You Can
Conglomerate
Counterfeit Blog
fashionlaw.net

Counterfeit Chic

http://counterfeitchic.com/2008/04/index.php

And the stylish and studious Justina Lopez bagged Madden's version of Tory Burch's new tote (left) -- presumably manufactured with metal discs leftover from Madden's previous design raid:





Many thanks to the astute Madden-watchers -- and here's wishing end-of-April showers on the flimsy fakes.

Posted by Susan Scafidi at 12:38 AM | Permalink

*Subscribe*



Feminist Law Professors
43(B)log
Hokusai
IACC
Info/Law
Instapundit
IP Dragon
IP Due Diligence
IP Funny
IPKat
I/P Updates
LawCulture
Likelihood of Confusion
MarkenBlog
Patently-O
The Patry Copyright Blog
Le petit Musée des Marques
Shape Blog
The Trademark Blog
TTABlog
TheTrueCosts.org
YottaBlog